UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY BURDEN,

        Petitioner,

v.                                                 CASE NO. 2:06-10139
                                                 HONORABLE LAWRENCE P. ZATKOFF

LINDA M. METRISH,

        Respondent.
_____/

## ORDER

This matter is pending before the Court on Petitioner's notice of appeal. The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . , the applicant cannot take an appeal unless" a certificate of appealability is issued under 28 U.S.C. § 2253(c). FED. R. APP. P. 22(b)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a substantial showing, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The Court must individually evaluate each issue raised by Petitioner, *see Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001), and shall specify the issue or issues upon which Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). If the Court declines to issue a certificate of appealability, it must state why it is declining to issue one. *See* FED. R. APP. P. 22(b)(1).

The Court dismissed the habeas petition because the claims were time-barred, procedurally defaulted, and without merit. Reasonable jurists would not debate the Court's assessment of Petitioner's claims or its procedural ruling. Consequently, the Court declines to grant a certificate of appealability on any issue presented. Petitioner, nevertheless, may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in the District Court. FED. R. APP. P. 24(a)(3).

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: June 13, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 13, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290